UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DENNIS JAMES KINCADE,

        Petitioner,

v.                                  CASE NO. 04-CV-72599-DT
                                   HONORABLE GEORGE CARAM STEEH

HUGH WOLFENBARGER,

        Respondent.
_____/

**ORDER DENYING RESPONDENT'S DISPOSITIVE MOTION
AND
REQUIRING AN ANSWER TO PETITIONER'S CLAIMS**

This matter is pending before the Court on petitioner Dennis James Kincade's application for the writ of habeas corpus under 28 U.S.C. § 2254 and respondent Hugh Wolfenbarger's motion for summary judgment and dismissal of the habeas petition. The Court has concluded for reasons given below that Respondent's motion must be denied.

### I. Background

### A. State Court Proceedings

Petitioner was convicted in 1985 of first-degree murder and possession of a firearm during the commission of a felony. He was sentenced to two years in prison for the felony firearm conviction and to a consecutive term of life imprisonment for the murder. On August 3, 1987, the Michigan Court of Appeals affirmed Petitioner's convictions in a published opinion. *See People v. Kincade*, 162 Mich. App. 80; 412 N.W.2d 252 (1987).

Petitioner did not immediately seek review in the Michigan Supreme Court. Instead, on September 9, 1987, he filed a motion for a new trial. The trial court denied his motion, and the

Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented." *See People v. Kincade*, No. 104129 (Mich. Ct. App. Nov. 22, 1988). On May 31, 1989, the Michigan Supreme Court also denied leave to appeal.

Petitioner subsequently filed another motion for new trial, which the trial court denied. The Michigan Court of Appeals denied leave to appeal "for lack of merit in the grounds presented" and because some issues were raised in the previous appeal. *See People v. Kincade*, No. 121864 (Mich. Ct. App. Mar. 15, 1990). Petitioner appealed to the Michigan Supreme Court, which remanded his case to the trial court on October 30, 1990, for appointment of counsel, if necessary, and for a hearing on Petitioner's claim that he was denied effective assistance of counsel. *See People v. Kincade*, 436 Mich. 883; 461 N.W.2d 372 (1990).

The trial court appointed an attorney to represent Petitioner and, on January 23 and 24, 1991, and April 26, 1991, the court held hearings on Petitioner's ineffectiveness claim. At the conclusion of the hearings, the trial court denied Petitioner's motion for a new trial.

Petitioner then appealed the trial court's decision and, at the same time, filed a complaint for superintending control. In response to the complaint for superintending control, the court of appeals ordered the trial court to provide Petitioner with a transcript of the hearings and a copy of its decision dated April 26, 1991. The court of appeals denied the complaint in all other respects. *See Kincade v. Recorder's Court Judge*, No. 141703 (Mich. Ct. App. Oct. 16, 1991). The court of appeals dismissed Petitioner's appeal without prejudice on procedural grounds (failure to file a final order). *See People v. Kincade*, No. 140764 (Mich. Ct. App. Oct. 17, 1991).

On June 10, 1992, however, the Michigan Supreme Court remanded the case to the court

of appeals "for consideration as on leave granted." *People v. Kincade*, 439 Mich. 1022; 486 N.W.2d 666 (1992). On August 16, 1994, the court of appeals dismissed the appeal without prejudice to the filing of a delayed application for leave to appeal. *See People v. Kincade (on remand)*, 206 Mich. App. 477; 522 N.W.2d 880 (1994).

Petitioner then filed an application for leave to appeal the trial court's April 26, 1991, decision. He attempted to file a supplemental brief, but the court of appeals denied leave to file the brief because it exceeded fifty pages. The court of appeals subsequently denied leave to appeal for failure to establish grounds for relief from judgment. *See People v. Kincade*, No. 190068 (Mich. Ct. App. July 2, 1996). Petitioner moved for a rehearing, which the court of appeals granted, along with leave to appeal, limited to issues raised in the application and supporting brief. *See People v. Kincade*, No. 190068 (Mich. Ct. App. Oct. 15, 1996). The court of appeals nevertheless affirmed the trial court's decision that Petitioner was not deprived of effective assistance of counsel. *See People v. Kincade*, No. 190068 (Mich. Ct. App. Nov. 21, 1997). Finally, on September 28, 1998, the Michigan Supreme Court denied leave to appeal for failure to establish entitlement to relief. *See People v. Kincade*, 459 Mich. 869; 586 N.W.2d 89 (1998).

### B. The First Federal Habeas Petition, Subsequent Post-Conviction Motion, and Second Habeas Corpus Petition

The Court received Petitioner's first habeas petition on September 13, 1999.[1] His grounds for relief alleged:

---

[1] The Clerk of Court initially rejected the petition, but ultimately filed it on October 18, 1999.

> I. The trial court abused its discretion in denying a delayed application for a new trial where petitioner Kincade was deprived of his liberty without due process of law, the effective assistance of counsel, the right to a fair trial, and full and meaningful appellate review of his criminal convictions, by the deficient performances of both court-appointed trial and appellate counsel.
>
> II. Petitioner Kincade was deprived of his liberty without due process of law, and his right to a fair trial, where the prosecution repeatedly misstated the law in closing argument to the jury, thereby effectively negating his claim of self-defense.
>
> III. Petitioner Kincade was deprived of his liberty without due process of law, where the trial court effectively prevented the defense from individually polling the jurors following rendition of their verdicts.

The Court dismissed the habeas petition on January 23, 2001, because Petitioner had not exhausted state remedies for his second and third claims. The dismissal was without prejudice to Petitioner's right to renew his petition after either exhausting state remedies for his claims or resubmitting his habeas petition with only the exhausted claim. The Court stated in a footnote that the statute of limitations would be tolled while Petitioner's motion for relief from judgment was pending in state court.

Over a year later on March 4, 2002, Petitioner filed a motion for relief from judgment in the trial court. The trial court denied his motion, and the Michigan Court of Appeals denied leave to appeal. *See People v. Kincade*, No. 248330 (Mich. Ct. App. Sept. 4, 2003). The Michigan Supreme Court denied leave to appeal on April 30, 2004. *See People v. Kincade*, 470 Mich. 853; 679 N.W.2d 74 (2004). Petitioner had ninety days from that date to seek a writ of certiorari in the United States Supreme Court. Sup. Ct. R. 13. Before that deadline expired, he signed and submitted the pending habeas petition on July 8, 2004.

The habeas petition alleges that (1) Petitioner was deprived of effective assistance of trial

4

counsel, (2) the prosecutor repeated misstatements of the law to the jury, (3) the trial court prevented Petitioner from individually polling the jury, and (4) Petitioner was deprived of effective assistance of appellate counsel. In an amended habeas petition filed on January 14, 2005, Petitioner omitted his third claim about polling the jury.

## II.  Discussion

### A.  The Statute of Limitations

Respondent argues that the habeas petition should be dismissed because Petitioner has not complied with the statute of limitations. The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) established a one-year period of limitations for habeas petitions filed by state prisoners. Pursuant to 28 U.S.C. § 2244(d),

> **(1)** A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of
>
> **(A)** the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> **(B)** the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> **(C)** the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> **(D)** the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> **(2)** The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or

>claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. 2244(d)(1) and (2).

When the AEDPA was enacted on April 24, 1996, Petitioner was pursuing state court remedies. The statute of limitations, therefore, was tolled for the entire time that the state court proceedings were pending. Those proceedings came to a close on September 28, 1998. Regardless of whether those proceedings were direct review of Petitioner's convictions or were state collateral review, the limitations period was tolled another ninety days, or until December 27, 1998, for the time that Petitioner could have sought review in the Supreme Court. *Bronaugh v. Ohio*, 235 F.3d 280, 285 (6th Cir. 2000); *Abela v. Martin*, 348 F.3d 164, 172-73 (6th Cir. 2003), *cert. denied sub nom Caruso v. Abela*, 541 U.S. 1070 (2004).

The statute of limitations began to run at the conclusion of the time for seeking a writ of certiorari in the Supreme Court. The limitations period ran about nine months before Petitioner filed his first habeas corpus petition on September 13, 1999. Although the one-year limitation period ordinarily is not tolled while a habeas petition is pending in federal court, *Duncan v. Walker*, 533 U.S. 167, 181-82 (2001), federal courts may deem the limitations period tolled for a first federal habeas petition as a matter of equity. *Id.* at 183 (Stevens, J., concurring). Courts may equitably toll the limitations period, because the statute of limitations is not jurisdictional. *McClendon v. Sherman*, 329 F.3d 490, 492 (6th Cir. 2003).

Respondent argues that Petitioner's habeas petition is untimely even if the Court equitably tolls the time during which Petitioner's first habeas petition was pending. This argument is based on the fact that more than a year elapsed between the date on which this Court dismissed the first habeas petition (January 23, 2001), and the date on which Petitioner filed his

subsequent post-conviction motion in state court (March 4, 2002).  Nothing was pending in state or federal court then.  The question therefore is whether the Court should equitably toll the limitations period for the time that it took Petitioner to file his motion for relief from judgment in state court, following the Court's dismissal of the first habeas petition.

### B.  Equitable Tolling

Federal courts in this Circuit normally must consider and balance the following five factors set out in *Andrews v. Orr,* 851 F.2d 146, 151 (6th Cir. 1988), when determining whether equitable tolling is appropriate:  (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) the petitioner's diligence in pursuing his rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claims.  *Dunlap v. United States*, 250 F.3d 1001, 1008-09 (6th Cir. 2001).  "These factors are not necessarily comprehensive and they are not all relevant in all cases.  Ultimately, the decision whether to equitably toll a period of limitations must be decided on a case-by-case basis."  *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002) (citing *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002)).

Petitioner has not asserted that he lacked notice or constructive knowledge of the filing requirement.  He implies that he relied on the footnote in the Court's order dismissing his first petition.  The footnote stated that the statute of limitations would be tolled, pursuant to 28 U.S.C. § 2244(d)(2), while Petitioner's motion for relief from judgment was pending in state court.  At the time, the Sixth Circuit had not yet held that habeas petitioners ordinarily must return to state court within thirty days of a federal district court's dismissal of a habeas petition for failure

to exhaust state remedies. *See Griffin v. Rogers*, 308 F.3d 647, 651-52 (6th Cir. 2002); *Palmer v. Carlton,* 276 F.3d 777, 781 (6th Cir. 2002). Furthermore, the Court's order of dismissal did not establish any timetable or conditions for returning to state court. The order stated that the petition was dismissed "**WITHOUT PREJUDICE** to petitioner's right to renew his petition after presenting his claims as federal constitutional issues at all levels of state court review or to resubmit his habeas petition containing only the exhausted claims." *Kincade v. Stegall*, No. 99-CV-76350-DT, at 10 (E.D. Mich. Jan. 23, 2001) (emphasis in original).

The Court was not required to warn Petitioner that his second habeas petition would be time-barred if he returned to state court. *Pliler v. Ford*, 542 U.S. 225, __, 124 S. Ct. 2441, 2445-46 (2004). However, despite that holding in *Ford*, the Supreme Court remanded Ford's case for further consideration due to the federal circuit court's concern that Ford had been affirmatively misled, apart from the District Court's failure to warn him about the statute of limitations. *See id.*, 124 S. Ct. at 2447. As explained by Justice O'Connor in a concurring opinion,

> it is not incumbent upon a district court to establish whether the statute of limitations has already run before explaining the options available to a habeas petitioner who has filed a mixed petition. Nevertheless, if the petitioner is affirmatively misled, either by the court or by the State, equitable tolling might well be appropriate.

*Id.*, 124 S. Ct. at 2448 (O'Connor, J., concurring).

The Court's order of dismissal could have led Petitioner to believe that there was no deadline for filing a post-conviction motion in state court and that the statute of limitations was not a bar to filing another habeas petition in federal court. Even if Petitioner was not diligent in returning to state court within thirty days, Respondent was not prejudiced by the length of time it took for Petitioner to file his motion for relief from judgment.

8

For all these reasons, the Court will equitably toll the limitations period for (1) the time that Petitioner's first habeas petition was pending in this Court and (2) the period between the dismissal of the first habeas petition and the date on which Petitioner filed his subsequent motion for relief from judgment in state court. Having equitably tolled the limitations period for the time in question, the habeas petition must be deemed timely filed. Accordingly, Respondent's motion for summary judgment and dismissal [Doc. #14, Jan. 20, 2005] is DENIED. Respondent shall file an answer to the habeas petition and the relevant state court materials within **forty-five (45) days** of the date of this order.

        s/George Caram Steeh
        GEORGE CARAM STEEH
        UNITED STATES DISTRICT JUDGE

Dated: August 15, 2005

### CERTIFICATE OF SERVICE

Copies of this Order were served on the attorneys of record on August 15, 2005, by electronic and/or ordinary mail.

        s/Josephine Chaffee
        Secretary/Deputy Clerk