UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


DENNIS JAMES KINCADE,

        Petitioner,

v.                                            CASE NO. 04-CV-72599-DT
                                              HONORABLE GEORGE CARAM STEEH

HUGH WOLFENBARGER,

        Respondent.
_____/

**ORDER
(1) GRANTING IN PART PETITIONER'S MOTION
FOR A CERTIFICATE OF APPEALABILITY,
(2) GRANTING PETITIONER'S MOTION FOR LEAVE
TO PROCEED IN FORMA PAUPERIS ON APPEAL, AND
(3) DENYING PETITIONER'S MOTION
FOR APPOINTMENT OF COUNSEL**

Petitioner has appealed the Court's dismissal of his habeas petition. Currently pending before this Court are Petitioner's motions for a certificate of appealability, for leave to proceed *in forma pauperis* on appeal, and for appointment of appellate counsel.

**I. Standard of Review**

"[A] prisoner seeking postconviction relief under 28 U.S.C. § 2254 has no automatic right to appeal a district court's denial or dismissal of the petition. Instead, [the] petitioner must first seek and obtain a [certificate of appealability.]" *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "It is consistent with § 2253 that a [certificate of appealability] will issue in some instances where there is no certainty of ultimate relief. After all, when a [certificate of appealability] is sought, the whole premise is

that the prisoner 'has already failed in that endeavor.'" *Miller-El*, 537 U.S. at 337 (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)).

When, as here, "a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "[A] claim can be debatable even though every jurist of reason might agree, after the [certificate of appealability] has been granted and the case has received full consideration, that [the] petitioner will not prevail." *Miller-El*, 537 U.S. at 338.

## II. Discussion

The habeas petition challenges Petitioner's state convictions for first-degree murder and possession of a firearm during the commission of a felony. The grounds for relief are ineffective assistance of trial counsel, prosecutorial misconduct, and ineffective assistance of appellate counsel.[1]

### A. Trial Counsel

The first habeas claim alleges that Petitioner's trial attorney failed to: (1) inform him that the Michigan sentencing guidelines would apply if he pleaded guilty to a reduced charge of second-degree murder; (2) share the fruits of discovery with him; (3) interview prosecution witnesses and subpoena favorable defense witnesses; (4) object to certain improper testimonial evidence presented by the prosecutor; (5) adequately prepare him for trial; (6) conduct efficient

---

[1] The Court found that Petitioner waived review of a fourth habeas claim, which he failed to include in his amended petition.

examinations of both prosecution and defense witnesses; (7) object to the prosecutor's repeated misstatement of the law concerning self defense; and (8) ask for permission to poll the jurors or object to the trial court's discharge of the jurors without first providing the defense with an opportunity to poll them. Petitioner also alleges that the cumulative effect of these errors deprived him of a fair trial.

The Court determined in its dispositive opinion that Petitioner was not deprived of effective assistance of counsel under *Strickland v. Washington,* 466 U.S. 668, 687 (1984). Reasonable jurists, however, might debate the Court's assessment of Petitioner's claims that defense counsel (1) failed to advise him that the sentencing guidelines would apply if he pleaded guilty to second-degree murder and (2) should have objected to the prosecutor's use of a witness's guilty plea as substantive evidence of Petitioner's guilt. One judge of a three-judge panel on direct review voted to reverse Petitioner's conviction on the basis of the latter claim. Therefore, a certificate of appealability may issue on subclaims 1 and 4 of the first habeas claim.

### B. The Prosecutor's Conduct

The second habeas claim alleges that the prosecutor misstated the law on self defense during closing arguments. The Court determined that the prosecutor's comments were proper and that, even if the remarks were incorrect, they could not have misled the jury or prejudiced the defense. Reasonable jurists would agree. Therefore, a certificate of appealability will not issue on Petitioner's second claim.

### C. Appellate Counsel

Petitioner's third and final claim alleges ineffective assistance of appellate counsel. Petitioner asserts that his appellate attorneys failed to raise meritorious claims on appeal and

abandoned a claim about trial counsel after being granted a remand for the purpose of seeking an evidentiary hearing on that claim. Because these allegations are related to the claim about trial counsel, a certificate of appealability may issue on Petitioner's claim about his appellate attorneys.

**III. Conclusion**

For the reasons given above, Petitioner's motion for a certificate of appealability is GRANTED in part and DENIED in part. Petitioner may appeal his claims about appellate counsel and the related claims that trial counsel failed to (1) inform him that the Michigan Sentencing Guidelines would apply if he pleaded guilty to second-degree murder and (2) object to the prosecutor's use of a witness's guilty plea as substantive evidence of Petitioner's guilt. The Court declines to issues a certificate of appealability on any other claims.

Petitioner's motion for appointment of counsel is DENIED. His motion to proceed *in forma pauperis* on appeal is GRANTED, because the *in forma pauperis* standard (that the appeal is not frivolous) is a lower standard than the standard for granting a certificate of appealability. *United States v. Youngblood*, 116 F.3d 1113, 1115 (5th Cir. 1997).

Dated: June 18, 2007

S/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
June 18, 2007, by electronic and/or ordinary mail.
/Josephine Chaffee
Deputy Clerk